# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * * * * * * *
SANDRA KLINE, individually and as
administrator of the ESTATE OF
RICHARD KLINE

              Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

             Respondent.
* * * * * * * * * * * * * * * * * * * * * * * * *

No. 21-2347V

Special Master Christian J. Moran

Filed: June 17, 2024

## UNPUBLISHED DECISION DENYING COMPENSATION[1]

Sandra Kline alleges that the influenza ("flu") vaccine her husband Richard Kline ("Richard") received on January 14, 2019 caused him to develop Guillain-Barré syndrome ("GBS"), which ultimately led to his death on February 12, 2021. Pet., filed Dec. 30, 2021. The Secretary disputed Ms. Kline's claim. On June 11, 2024, Ms. Kline moved for a decision dismissing her petition.

### I. Procedural History

Ms. Kline filed a petition for compensation on December 30, 2021, alleging that a flu vaccine her husband received on January 14, 2019 caused his GBS,

---

[1] Because this decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. Any changes will appear in the document posted on the website.

which resulted in his death.  Ms. Kline worked to gather and file medical records throughout 2022 and 2023.

The Secretary filed his Rule 4(c) report on October 20, 2023, contesting entitlement.  The Secretary argued that the onset of Richard's GBS did not begin until nine weeks after his vaccination, which would not fit within the appropriate timeframe on the Table.  Resp't's Rep. at 14.  The Secretary further argued that treating doctors diagnosed CIDP, and Ms. Kline had not established that Richard had GBS.  Id. at 15-16.  Finally, the Secretary argued that Ms. Kline had not yet provided a reliable medical theory or a logical sequence of cause and effect, and that no treating doctors had attributed Richard's condition to the vaccine.  Id. at 16-17.

The case was reassigned to the undersigned on December 19, 2023.  A set of draft expert instructions were issued, and Ms. Kline was ordered to file an expert report by May 17, 2024.  Order, issued Jan. 18, 2024.  On May 16, 2024, Ms. Kline moved for additional time to consider her options to dismiss the petition.  A status conference was held, during which the undersigned explained petitioner's options.  See Order, issued May 23, 2024.  On June 11, 2024, Ms. Kline moved to dismiss the case.  This matter is now ready for adjudication.

## II.  Analysis

To receive compensation under the National Vaccine Injury Compensation Program ("Program"), a petitioner must prove either 1) that the vaccinee suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to one of the vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine.  See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1).  Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician.  § 300aa-13(a)(1).

In this case, Ms. Kline filed medical records.  Nonetheless, Ms. Kline wishes to have her claim dismissed and judgment entered against her.  Though Ms. Kline filed this motion pursuant to 42 U.S.C. § 300aa-21(a) (regarding voluntary dismissal), the undersigned will construe this as a motion filed pursuant to 42 U.S.C. § 300aa-21(b) (regarding involuntary dismissal), given Ms. Kline's clear intent that a judgment issue in this case, protecting her right to file a civil action in the future.  See Pet'r's Mot., filed June 11, 2024 at 2.

To conform to section 12(d)(3), a decision must "include findings of fact and conclusions of law." For causation-in-fact cases, the Federal Circuit has defined elements of a petitioner's claim. Petitioners bear a burden to show by a preponderance of the evidence that the vaccination brought about their injury by providing:

(1) a medical theory causally connecting the vaccination and the injury;
(2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and
(3) a showing of a proximate temporal relationship between vaccination and injury.

Althen v. Sec'y of Health & Hum. Servs., 418 F.3d 1274, 1278 (Fed. Cir. 2005). Ms. Kline did not present a medical theory causally connecting the flu vaccination and her husband's condition, nor has she shown that 9 weeks is an appropriate timeframe for the onset of symptoms after vaccination.

Furthermore, a petitioner bears the burden of establishing that he suffers from a condition for which he seeks compensation. Broekelschen v. Sec'y of Health & Human Servs., 618 F.3d 1339, 1346 (Fed. Cir. 2010). Although Richard's working diagnosis was GBS, the neurologist noted that certain symptoms were "atypical for GBS/AIDP," and that doctors were "exploring other possibilities." Exhibit 2 at 405 (May 13, 2019). Richard was ultimately diagnosed with CIDP. Exhibit 4 at 28 (September 1, 2019). Ms. Kline has not met her burden to establish that her husband suffered from GBS, the condition alleged in the petition. See Lombardi v. Sec'y of Health & Human Servs., 656 F.3d 1343, 1353-56 (Fed. Cir. 2011).

**Thus, the Motion for Decision is GRANTED and this case is DISMISSED WITH PREJUDICE for insufficient proof. The Clerk shall enter judgment accordingly.** See Vaccine Rule 21(b).

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master